UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **10-60289-CIV-Seitz/O'Sullivan**

**STECY BLOT,** individually and on behalf
of all others similarly situated,

      Plaintiff,
v.

**WIS HOLDINGS CORPORATION,**
a Delaware corporation &
**WASHINGTON INVENTORY SERVICE, INC.**
a California corporation &
**JOHN DOES 1-10**

      Defendants.
_____/

FILED by VK D.C.
ELECTRONIC

Mar. 01, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, Stecy Blot, on his own behalf and on behalf of all others similarly situated, sues Defendants, WIS Holdings Corporation, a Delaware corporation, Washington Inventory Service, Inc., a California corporation, and John Does 1-10 (collectively "WIS" unless otherwise noted) for violating the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for violating the Florida Minimum Wage Act ("FMWA"), for unjust enrichment and for unpaid wages.

**Parties, Jurisdiction, Venue, Facts, Etc.**

1. Plaintiff, Stecy Blot, was, at all material times, an employee of WIS and a non-exempt employee within the meaning of the FLSA and the FMWA. His title was "Inventory Associate."

2. Defendant, WIS Holdings Corporation, is a Delaware corporation with its principal place of business in California. WIS Holdings Corporation operates nationally, including in Florida.

3. Defendant, Washington Inventory Service, Inc., is a California corporation with its principal place of business in California. Washington Inventory Service operates nationally, including in Florida.

- 1 -
SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

1 of 5

4.     Defendants, John Does 1-10, are all yet unidentified employers (both individual defendants and corporate defendants) within the meaning of the FLSA and the FMWA.  The exact legal relationship between the named Defendants is currently unknown, but upon information and belief, they are sufficiently related that they qualify as "joint employers" within the meaning of the FLSA.

5.     WIS is an out-sourced inventory control and management company.  Retail outlets hire WIS to conduct inventory.

6.     Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction over related state claims).

7.     Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Broward County, Florida.  28 U.S.C. § 89.

8.     Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

9.     Plaintiff was employed by WIS for approximately 3 weeks between December 2009 and January 2010.

10.    Plaintiff was employed as an Inventory Associate.

11.    Plaintiff was required to report to work at or before 7pm at WIS's office in Fort Lauderdale, Florida.  Plaintiff was "clocked in" to work as of 7pm, regardless of the actual time he arrived at work.  Normally Plaintiff would arrive prior to 7pm, but was working "off the clock" during the time between his arrival at work and 7pm.

12.    After attending a daily meeting at approximately 7pm, Plaintiff, along with 10 to 15 other WIS employees, would be transported by WIS to one of WIS's clients' sites.  Plaintiff specifically remembers being assigned to at least the Express retail store and Party City.

13.    Plaintiff would "check in and out" at WIS' clients' offices, not at WIS.

14.    WIS does not keep accurate records of when its employees arrive at work and when they leave work.  Accordingly, WIS is violating the FLSA's recordkeeping requirements.

15.    Plaintiff worked for WIS for approximately a single pay period.  Plaintiff was treated as an employee and completed the usual IRS paperwork for new employees.

16.    Plaintiff was "paid" with a VISA gift card.  *See* Exhibit A (redacted VISA gift card).  Plaintiff received no actual compensation – no payroll or other negotiable instrument. Plaintiff has no idea how much "compensation" is on or is supposed to be on the VISA gift card.

SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

Plaintiff has no idea what taxes, if any, were withheld and forwarded to the IRS and other state and federal revenue agencies.

17. Plaintiff has not received a W-2 for 2009.

18. Plaintiff did not want to be compensated with a VISA gift card.

19. When Plaintiff attempted to activate the VISA gift card, the activation failed because the card was already "activated" by another unidentified person.

20. Plaintiff has received no compensation for his services to WIS.

21. Upon information and belief, WIS has a policy and practice of paying employees with VISA gift cards, rather than with ordinary payroll checks.

22. Upon information and belief, WIS has a contract with a third-party, MetaBank, of Sioux Falls, South Dakota, to provide payroll services. *See* Exhibit B ("Money Network Card" document).

23. WIS is no stranger to employment litigation. WIS has been sued in the U.S. District Court for the Western District of Missouri for violating the FLSA and in the U.S. District Court for the Southern District of California for violating the FLSA and California labor law. WIS recently settled a California class action with similar allegations. *See Chavez v. WIS Holdings Corp.*, Case No. 07-01932 (S.D. Cal.).

**Count I – Fair Labor Standards Act**
(Minimum Wage Violation)

24. Plaintiff incorporates paragraphs 1 – 23.

25. Plaintiff was a non-exempt employee of WIS within the meaning of the FLSA.

26. WIS was and remains an employer within the meaning of the FLSA.

27. Plaintiff worked for WIS.

28. Plaintiff was not paid any wages from WIS for the time periods stated above.

29. WIS's violation of the FLSA was willful and intentional.

30. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

**Count II – Fair Labor Standards Act**
(Unpaid Overtime Violation)

31. Plaintiff incorporates paragraphs 1 – 23.

32. Plaintiff was a non-exempt employee of WIS within the meaning of the FLSA.

- 3 -
SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com
3 of 5

Case 0:10-cv-60289-XXXX Document 1 Entered on FLSD Docket 02/26/2010 Page 4 of 5

33. WIS was and remains an employer within the meaning of the FLSA.

34. Plaintiff worked for WIS and worked in excess of 40 hours per week.

35. Plaintiff was not paid overtime wages by WIS for the time periods stated above.

36. WIS's violation of the FLSA was willful and intentional.

37. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Count III – Florida Minimum Wage Act

38. Plaintiff incorporates paragraphs 1 – 23.

39. Plaintiff was a non-exempt employees of WIS within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

40. WIS was and remains an employer within the meaning of the FMWA.

41. Plaintiff worked for WIS.

42. Plaintiff was not paid any wages from WIS for the time periods stated above.

43. WIS's violation of the FMWA was willful and intentional.

44. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Count IV – Unjust Enrichment

45. Plaintiff incorporates paragraphs 1 – 23.

46. Plaintiff worked for WIS and was not paid any wages, thereby conferring a benefit on WIS.

47. WIS had knowledge that the Plaintiff, as their employee, worked for WIS without receiving any wages.

48. WIS accepted the Plaintiff's work and retains the benefits of the Plaintiff's work without paying any wages to Plaintiff.

49. WIS has been unjustly enriched by the benefits received from Plaintiff's unpaid work because WIS has not paid any wages to Plaintiff.

### Count V – Unpaid Wages under Florida Common Law

50. Plaintiff incorporates paragraphs 1 – 23.

51. Plaintiff was employed by WIS, and was not an independent contractor.

52. Plaintiff provided services to WIS.

53. WIS failed to pay Plaintiff the proper wages while employed.

- 4 -
SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

4 of 5

54. WIS was unjustly enriched by the Plaintiff because they performed work on its behalf without proper compensation.

55. WIS is obligated to pay Plaintiff his unpaid wages and attorneys' fees pursuant to Fla. Stat. § 448.08.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiff prays that this Court enter judgment in his favor against Defendants, WIS Holdings Corporation, a Delaware corporation, and Washington Inventory Service, Inc., a California corporation (jointly and severally) and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

Dated: February 26, 2010

Respectfully submitted,

\_\_\_/s/ Matthew Sarelson_____

Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com
Counsel for Plaintiff

- 5 -
SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com
5 of 5